IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOSEPHINE GRIEGO, individually and
on behalf of J.S., her minor daughter,

          **Plaintiff,**

vs.                                Civ. No.  09-900 JH/RLP

ELAINE YAMAMOTO, STATE OF
NEW MEXICO CHILDREN, YOUTH AND
FAMILIES DEPARTMENT,

          **Defendants.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on three motions: *Plaintiff's Motion to Dismiss Claims Against Defendant Yamamoto Without Prejudice* [Doc. No. 11]; *Plaintiff's Motion to Remand* [Doc. No. 12]; and Defendants' *Motion to Dismiss Count I of Complaint* [Doc. No. 9]. After reviewing the briefs and considering the law, the Court will grant Plaintiff's motion to dismiss her claim against Defendant Yamamoto without prejudice, will decline to exercise its supplemental jurisdiction over the state law claim, and therefore will grant Plaintiff's motion to remand. The foregoing rulings foreclose the need to address Defendants' motion to dismiss Count I.

## FACTUAL BACKGROUND

According to the Complaint [Exhibit A to Notice of Removal, Doc. No. 1], on May 2, 2005, Defendant New Mexico Children, Youth and Families Department ("CYFD") took Plaintiff's minor daughter, J.S., away from her and placed J.S in the care of a licensed foster parent, Defendant Elaine Yamamoto. At that time, J.S. was approximately 16 and a half months old. On July 25, 2005, Yamamoto was at her home with J.S. and several other children. Yamamoto put a flotation device

not designed for use without adult supervision on J.S. and placed her into a jacuzzi tub filled with water.  Shortly thereafter, Yamamoto left J.S. unattended.  When Yamamoto returned, J.S. was no longer in the flotation device and was floating in the water.  Yamamoto removed J.S. from the jacuzzi tub and began to administer CPR, while her son called 911.  When the paramedics arrived, J.S. was unresponsive, and they transported her to University of New Mexico Hospital.

On August 19, 2009, Plaintiff filed her Complaint in New Mexico state district court, and on September 17, 2009, Defendants properly removed the case to this federal district court on the basis of federal question jurisdiction.  Plaintiff has asserted two claims on behalf of her minor daughter.  In Count I of the Complaint, Plaintiff claims that under the doctrine of respondeat superior CYFD was negligent in the maintenance of Yamamoto's home, and that the State's sovereign immunity has been waived by the New Mexico Tort Claims Act.  In their motion to dismiss, Defendants argue that this is in fact a claim for negligent supervision, for which the State of New Mexico has not waived its sovereign immunity.  In Count II of the Complaint, Plaintiff claims that Yamamoto violated J.S.'s substantive due process rights in violation of the Fourteenth Amendment.  Plaintiff now moves to dismiss that claim without prejudice and asks the Court to remand the remaining claim to state district court.

On April 19, 2010, Plaintiff filed her *Unopposed Motion to Amend Complaint* [Doc. No. 24], to which her proposed amended complaint was attached.  The proposed amended complaint is identical to the original complaint in all material respects, except that it alleges that Yamamoto left a second minor child, in addition to J.S., unattended in the jacuzzi tub at the time J.S. was injured.

## DISCUSSION

### I. Plaintiff's Motion to Dismiss

Plaintiff moves to dismiss her due process claim in Count II, which she asserts against

2

Yamamoto only. However, she moves to dismiss that claim *without* prejudice. In her motion Plaintiff does not set forth any particular reason why she seeks the voluntary dismissal, though she argues that the State of New Mexico has a superior interest in deciding whether Plaintiff should prevail on her state law tort claim, and she filed a concurrent motion to remand the case to state court after dismissal of the sole federal claim. All of the foregoing suggests that Plaintiff seeks dismissal of Count II solely for the purpose of getting the case back to state court, where she will seek relief under additional tort theories. *Se*e Doc. No. 18 at 2.

Yamamoto opposes the dismissal, arguing that a dismissal without prejudice and subsequent remand would permit Plaintiff to reassert her federal claim for a second time in state court, with Defendants losing the ability to remove the case a second time. Defendants' assertion that Plaintiff intends to resurrect her due process claim against Yamamoto is "based upon conversations among counsel," Doc. No. 15 at 2 n.2, though in her reply brief Plaintiff states that she intends to bring a direct action against Yamamoto's homeowner's insurance carrier under *Raskob v. Sanchez*, 1998-NMSC-45, 126 N.M. 394, in which the New Mexico Supreme Court held that under certain circumstances an accident victim may assert a direct action against the tortfeasor's insurer. Plaintiff does not deny that she might reassert federal claims after remand, but also contends that in such a case, Defendants again would have a clear right to remove the case to federal court, and that any opposition by her to such removal "would be so frivolous as to be sanctionable." Doc. No. 18 at 3.

The Court concludes that Plaintiff's motion to dismiss Count II without prejudice should be granted. After reviewing 28 U.S.C. § 1446, the Court sees no support for Defendants' contention that they would be unable to remove the case a second time if Plaintiff reasserts a federal claim in state court. As Plaintiff correctly points out, there is no language in the statute that bars a second removal, and the Court can find no cases prohibiting a second removal in circumstances such as

these. In fact, the Court has uncovered authority that would suggest the opposite conclusion.[1] In addition, under § 1446(b), the bar to removal more than one year after the filing of an original complaint applies only to diversity cases, not federal question cases such as this. Furthermore, as a matter of public policy it would make no sense to bar a second removal under these circumstances, as that would merely encourage plaintiffs to unfairly manipulate the jurisdictional rules by dismissing federal question claims and then reasserting them after remand. Plaintiff has admitted as much, acknowledging that she should be sanctioned if she attempts such a maneuver. Thus, the Court interprets § 1446 to allow a second removal in the event that Plaintiff later amends her complaint to add another claim that raises a federal question.

As Defendants point out, under Rule 41(a)((2) the Court has the power to order a voluntary dismissal "on terms that the court considers proper." Similarly, the language of 28 U.S.C. § 1447(c)

---

[1] *See, e.g., Fritzlen v. Boatmen's Bank*, 212 U.S. 364, 372 (1909) (permitting a second removal where events after remand of the case showed fraudulent joinder of a party to defeat federal diversity jurisdiction: "[I]t is not open to controversy that if, after an order to remand has been made, it results, from the subsequent pleadings or conduct of the parties to the cause, that the cause is removable, on the development of such situation a second application to remove may be made, and the right to do so because of the changed aspect is not controlled by the previous order remanding the cause."); *In re Diet Drugs*, 282 F.3d 220, 232 n. 8 (3rd Cir. 2002) (the removal statute does not categorically prohibit the filing of a second notice of removal following remand, if subsequent pleadings, or conduct by the parties, or various other circumstances bring a case that was not previously removable within the removal jurisdiction of the federal courts); *S.W.S. Erectors, Inc. v. Infax, Inc.*, 72 F.3d 489, 492 (5th Cir. 1996) ("The prohibition against removal "on the same ground" does not concern the theory on which federal jurisdiction exists (i.e., federal question or diversity jurisdiction), but rather the pleading or event that made the case removable.") (citing *O'Bryan v. Chandler*, 496 F.2d 403, 410 (10th Cir. 1974)); *One Sylvan Road North Assocs. v. Lark Int'l, Ltd.*, 889 F.Supp. 60, 62, 63 (D. Conn. 1995) ("the fact that a case was initially removed and remanded does not itself preclude removal a second time around. A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.... By adding the second paragraph of § 1446(b), Congress intended that a party be permitted successive removals" [emphasis added] [citations and quotations omitted]).

directs that the award of attorney's fees rests squarely within the discretion of the district court when a remand is ordered. *See* § 1447(c) ("An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."). Defendants have asked that, in the event the Court grants voluntary dismissal, that it award Defendants their attorney's fees incurred for briefing the motions now before the Court, as well as the filing fee Defendants paid upon removal of this case to federal district court. The Court agrees that Defendants are not entitled to recover their attorney's fees for briefing their motion to dismiss Count I, as that motion will remain pending after remand, and the legal issues discussed therein would have been addressed regardless of whether or not the case had been removed. However, the Court finds that the Defendants have been prejudiced to the extent that Plaintiff's actions in pleading a federal question claim and then moving to voluntarily dismiss it caused them to incur attorney's fees for preparing the Notice of Removal and for responding to both Plaintiff's motion to dismiss Count I and Plaintiff's motion to remand. Defendants are entitled to recover those fees, as well as the filing fee they paid when they removed this case to federal district court.

## II.      Plaintiff's Motion to Remand

Under the supplemental jurisdiction statute, 28 U.S.C. § 1367(a), when a district court has original jurisdiction over a civil action, "it has supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." However, a district court may decline to exercise supplemental jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c). A district court is "well within its discretion in declining supplemental jurisdiction over the remainder of" a case when it dismisses a plaintiff's federal claims. *Exum v. United States Olympic Comm*., 389 F.3d 1130, 1139 (10th Cir. 2004).

Dismissal of the constitutional claim in Count II over which this Court had original jurisdiction gives rise to the question of whether this Court should continue to exercise supplemental jurisdiction over the remaining state law claim in Count I. In determining whether to exercise its discretion to exercise supplemental jurisdiction in these circumstances, the Court must consider the values of judicial economy, convenience, fairness, and comity. *City of Chicago v. International College of Surgeons*, 522 U.S. 156, 173 (1997).

Turning first to the question of judicial economy, the Court notes that discovery has not yet commenced, and it appears that Plaintiff intends to plead new theories of liability under state law. Plaintiff also represents that it intends to add a new party, Yamamoto's homeowner's insurance carrier, in a direct action under *Raskob*. Given that the case is still in the initial phase, this factor tips in favor of the Court's declining supplemental jurisdiction. A remand of the remaining claim to state court would not result in duplication of effort.

The second factor, convenience, is largely neutral. Neither court is unusually convenient or inconvenient to the parties, who, according to the Complaint, reside in New Mexico. The Plaintiff resides in Valencia County, and therefore travel to federal district court hearings in Albuquerque is not unreasonably burdensome for her. The Court assumes that, to the extent there are non-party witnesses in this matter, those witnesses likely live in the vicinity of Valencia County, perhaps making that forum slightly more convenient than this Court, which sits in Albuquerque. Thus, to the extent the convenience factor adds meaningful weight to the calculus, it weighs very slightly in favor of remand to the state court.

The third factor requires the Court to consider the fairness of retention or remand. As discussed above, it appears that Defendants would have the opportunity to remove the case again in the event that Plaintiff reasserts a federal cause of action. Plaintiff herself has admitted that it

would be improper, even sanctionable, to oppose such a removal. And, the Court has reduced the burden to Defendants by awarding them their attorney's fees incurred in removing the case and responding to Plaintiff's motions. Thus, this factor tips in favor of this Court remanding the case.

Finally, the Court considers the issue of comity. Normally, "notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Ball v. Renner*, 54 F.3d 664, 669 (10th Cir. 1995). Thus, the "most common response" in these circumstances is to effect a remand. *Id*. It is particularly appropriate to remand the case where the state law cause of action is "in a process of current evolution." *Id*. Plaintiff argues that New Mexico state law related to *Raskob* is in the process of evolution, and it is unclear whether she can assert a *Raskob* claim against the homeowner's insurance carrier under the facts of this case. The Court agrees, and concludes that this is an issue best decided by the state courts. Thus, this factor weighs in favor of remand to the state court.

The effect of the foregoing compels the conclusion that this case should be remanded to state district court, and accordingly Plaintiff's motion will be granted.

**IT IS THEREFORE ORDERED** that *Plaintiff's Motion to Dismiss Claims Against Defendant Yamamoto Without Prejudice* [Doc. No. 11] is **GRANTED** and *Plaintiff's Motion to Remand* [Doc. No. 12] is **GRANTED**.

**IT IS FURTHER ORDERED** that in accordance with this Memorandum Opinion and Order, Defendants may file, no later than May 24, 2010, an application to recover their attorney's fees incurred in preparing their Notice of Removal, their response to Plaintiff's motion to remand, and their response to Plaintiff's motion to dismiss Count II of the complaint.

_____
**UNITED STATES DISTRICT JUDGE**